UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | EDCV 11-1508 DSF (DTBx) | Date | 11/9/11 |
|---|---|---|---|
| Title | Israel Flores v. Central Freight Lines, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|
| Debra Plato | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Motion to Remand (Docket No. 15)

Plaintiff Israel Flores moves to remand this case. The case was removed based on diversity jurisdiction. There is no dispute that Plaintiff and Defendant Mike Santos are not diverse. Defendant Central Freight Lines, Inc. argues that Santos is fraudulently joined. The only claim against Santos is for assault, but Central argues that Plaintiff cannot state a valid claim for assault against Santos based on the facts of the case.

Joinder is fraudulent where it is obvious under settled state law that the plaintiff cannot make out a cause of action against the defendant. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). The standard is not "whether the plaintiff will actually or even probably prevail on the merits," but whether there is a "possibility" he may do so. Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992). The removal statute is strictly construed against removal jurisdiction, and any doubt is resolved in favor of remand. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988).

Regardless of whether Plaintiff has currently stated a claim against Santos for assault, Central has not established that there is no possibility that a claim could be stated. Central does not argue that there is any categorical bar against the assault claim as a matter of law. The argument is merely that the claim fails on the facts of the case. That is not fraudulent joinder.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

The motion to remand is GRANTED.  The case is REMANDED to the Superior Court of California, County of Riverside.

IT IS SO ORDERED.